IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHERINE E. SHOWELL,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| and **RICHARD HANRATTY** | : | |
| Defendants | : | **No. 07-2350** |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                              DECEMBER 17, 2007

In this employment discrimination action under 42 U.S.C. § 1981, consisting of one claim of retaliation, Defendants Southeastern Pennsylvania Transportation Authority ("SEPTA") and Richard Hanratty have moved to compel Catherine E. Showell to submit to an independent psychological examination. In her Complaint, Ms. Showell alleged that as a result of the Defendants' conduct she has suffered "mental anguish, emotional distress, humiliation, and damages to reputation." (Compl. ¶ 29.) In addition, Ms. Showell admits that she informed the Defendants that she has been under the treatment of a medical provider for job stress and anxiety, she demanded that Defendants provide her with sick leave with pay, and she forwarded the Defendants a letter from her medical provider to her, stating that her condition – "anxiety brought about by extreme workplace stress interfering with [her] ability to perform her duties" – prevented her from returning to work. (Pl. Response ¶¶ 4-6.)

Rule 35 of the Federal Rules of Civil Procedure[1] provide that when a party's mental or

---

[1] In pertinent part, Rule 35 provides:

(1) In General. The court where the action is pending may order a party whose

physical condition is "in controversy," for "good cause" shown the Court may order that party to submit to a physical or mental examination by a suitably licensed or certified examiner. See Fed. R. Civ. P. 35(a); see also Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). A plaintiff may place her mental or physical condition at issue through her pleadings. See Womack v. Stevens Transp., Inc., 205 F.R.D. 445, 447 (E.D. Pa. 2001). "Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case." Id.

In this case, it is apparent from the face of the pleadings, and papers submitted by the parties pertaining to the instant motion, that Ms. Showell has placed her mental condition in controversy. She has, in effect, stated a claim of "constructive discharge," claiming that, as a result of the Defendants' discriminatory conduct, she was so distressed, and her anxiety was so severe, that she was forced to leave work immediately, and take a leave of absence from which she has not yet returned. The Court finds that these facts have put Ms. Showell's mental state "in controversy."

Furthermore, Defendants have shown good cause for their request in that, absent a psychological evaluation, they would have no alternative method available to determine Ms. Showell's past and present psychological state. See Waggaman v. Villanova Univ., 2007 U.S.

---

mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
. . .
(2) Motion and Notice; Contents of the Order. The order:
   (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
   (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.
Fed. R. Civ. P. 35(a).

Dist. LEXIS 36764, at *3-4 (E.D. Pa. May 21, 2007) (finding "good cause" based on "ample evidence," including the fact that the defendant had no alternative discovery procedure available to ascertain plaintiff's emotional state); <u>Womack</u>, 205 F.R.D. at 447 (noting that a psychiatric evaluation was relevant, and good cause was shown, because without it, the defense would be limited to cross-examining evaluations offered by the plaintiff's experts).

**AND NOW**, this 17th day of December, 2007, upon consideration of the Defendants' Motion to Compel Plaintiff, Catherine E. Showell, to Submit to an Independent Psychological Examination (Docket No. 4), and Plaintiff's response (Docket No. 6), **IT IS ORDERED** that the Defendants' Motion is **GRANTED**, and that Ms. Showell will appear before Gerald Cooke, Ph.D., at 4 East Germantown Pike, Plymouth Meeting, Pennsylvania, on a date and time to be agreed upon by counsel within forty-five (45) days from the date of this Order. The examination will focus on Ms. Showell's current and any preexisting mental condition.

                   BY THE COURT:

                   S/Gene E.K. Pratter
                   GENE E.K. PRATTER
                   United States District Judge